VOROS, Associate Presiding Judge
(concurring in part and writing for the majority in part):
42 I fully concur in Judge Davis's opinion, except as to Part VILB. That section of the opinion offers guidance on an issue that Judge Davis anticipates may arise on remand. I would decline to give such guidance in this case for reasons stated below. And because Judge McHugh concurs with my opinion on this issue, the following opinion represents the judgment of the court on this one limited point.
{43 This court unanimously rejects Dav-co's challenge to the trial court's denial of its motion to set aside the Ex Parte Order on the ground that any possible error was harmless. This holding disposes of the claim of error on appeal. However, Judge Davis would in addition hold that Daveo and Fisher forfeited their right to challenge the contempt citation on the ground that the Ex Parte Order was not a lawful order of the *695 court. While we recognize that we have discretion to address issues fully briefed on appeal that will likely arise on remand, see State v. Low, 2008 UT 58, ¶ 61, 192 P.3d 867 (citing State v. James, 819 P.2d 781, 795 (Utah 1991)), we decline to do so here for several reasons.
{44 First, we are not persuaded that the question is likely to arise on remand. Judge Davis anticipates "that the contempt issue may again arise on remand in the event Plaintiffs elect to pursue the contempt matter." Of course, none of us can foretell the future. But the fact that an issue might arise on remand if Plaintiffs elect to pursue the matter falls short of the "likely to arise" standard. j
¶ 45 Second, the question treated in Part VILB was not briefed by the parties on appeal. Judge Davis cites State v. Low, which in turn cites State v. James, and James limits the principle of giving guidance on remand to issues "fully briefed" on appeal:
[There are other issues presented on appeal that will likely arise during retrial. We therefore exercise our discretion to address those issues for purposes of providing guidance on remand. See State v. James, 819 P.2d 781, 795 (Utah 1991) ("Issues that are fully briefed on appeal and are likely to be presented on remand should be addressed by this court.").
Low, 2008 UT 58, ¶ 61, 192 P.3d 867; see also Utah R.App. P. 30(a) ("If a new trial is granted, the court may pass upon and determine all questions of law involved in the case presented upon the appeal and necessary to the final determination of the case." (emphasis added)). Neither party here briefed the question of whether one who disobeys a court order forfeits the right to challenge its lawfulness in a later contempt hearing. We are thus disinclined to resolve the issue "without the engaged participation of the parties whose affairs will be directly affected" by that resolution. See State v. Robison, 2006 UT 65, ¶ 16, 147 P.3d 448 (referring to reversing on an unbriefed issue).
¶ 46 Finally, the question treated in Part VILB is one of first impression in Utah. Daveo contends that it disobeyed an wnlawful order of the court. Our contempt statute defines contempt of court to include "disobedience of any lawful ... order ... of the court." Utah Code Ann. § 78B-6-801 (2008) (emphasis added). We are aware of no Utah decision addressing what lawful means as used in this statute. The Utah case cited by our colleague holds that a lawyer's ethical duty of zealous advocacy does not insulate his actions from contempt proceedings. See State v. Clark, 2005 UT 75, ¶¶ 33-36, 124 P.3d 235. But in, that case, the lawyer "knowingly violated a lawful court order." Id. 1 39 (emphasis added). The lawfulness of the Ex Parte Order here has not been resolved.
T47 In sum, the question of law Judge Davis treats in Part VIL.B is not necessary to the resolution of this appeal, was not briefed by the parties, involves a novel question of statutory interpretation, and may well not arise on remand. Consequently, we express no opinion on it.
148 I CONCUR: CAROLYN B. McHUGH, Presiding Judge.